Filed 6/25/14  P. v. Nguyen CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>PETER NGUYEN,<br><br>    Defendant and Appellant. | G047971<br><br>(Super. Ct. No. 09WF0656)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Carla Singer, Judge.  Affirmed.

Law Offices of Christina DiEdoardo and Christina A. DiEdoardo for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Scott C. Taylor and Kimberley A. Donohue, Deputy Attorneys General, for Plaintiff and Respondent.

\*            \*            \*

# INTRODUCTION

Defendant Peter Nguyen is an active member of the criminal street gang known as Tiny Rascals Gang (TRG). One evening in March 2009, Nguyen, along with a few TRG affiliates or allies, "hit up" a group of members and affiliates from one of TRG's rivals, the criminal street gang known as Asian Gang. Nguyen explained that his group hit up the Asian Gang group because one member of that group had been saying derogatory things about TRG on the Internet. A fight broke out between the two groups, during which two members of the Asian Gang group were stabbed and another member was shot. A jury found Nguyen guilty of street terrorism and assault with a semiautomatic firearm, but could not reach verdicts on one count of attempted murder and two counts of aggravated assault with a knife. Following a retrial, a jury found Nguyen guilty of two counts of aggravated assault with a knife. Nguyen contends insufficient evidence supported each of the offenses for which he was convicted.

We affirm. We reject Nguyen's argument that the California Supreme Court's decision in *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*) mandates reversal of his conviction for street terrorism. Substantial evidence supported the jury's finding on street terrorism based on criminal acts Nguyen committed in concert with his companions who, at a minimum, backed up TRG. Substantial evidence also supported the jury's finding Nguyen intentionally aimed a semiautomatic firearm at his victim's back and fired, as well as the finding Nguyen, as an aider and abettor, committed two counts of aggravated assault with a knife during the fight.

2

FACTS[1]

I.

SUMMARY OF RELEVANT EVIDENCE FROM THE FIRST JURY TRIAL

During the evening of March 27, 2009, a group of young men, who were either members or affiliates of the criminal street gang, Asian Gang (the Asian Gang group), gathered at Boba House, a "smoothie" café, in Garden Grove. The Asian Gang group included then 14-year-old Derek Ta, 16- or 17-year-old Loc Tran, 15-year-old Steven Dinh, 17-year-old Tony Quach, and 16- or 17-year-old Steven Nguyen. Officer Peter Vi of the Garden Grove Police Department's gang suppression unit testified Dinh and Quach were members of Asian Gang, and Ta and Tran were associates or affiliates of Asian Gang.[2] No one in the Asian Gang group had a weapon with him.

Nguyen was a member of TRG, a rival of Asian Gang.[3] That evening, Nguyen drove his car up to the front of Boba House. His car contained three to five males.[4] Nguyen stopped his car to confront the Asian Gang group, assembled at the Boba House, because he recognized younger brothers of Asian Gang members. Nguyen told Vi that Ta had been "talking shit on the Internet about TRG."

One of the males inside Nguyen's car said to the Asian Gang group, "do you bang," which is known as a hit-up, where the person confronted is asked to identify the gang he or she is from. Someone from the Asian Gang group responded, "[w]e don't

---

[1] Our summaries of the evidence presented at each trial are limited to the specific substantial evidence challenges Nguyen raises on appeal.

[2] Ta's older brother was a member of Asian Gang.

[3] Nguyen testified at the second trial that he was 16 years old at the time of the charged offenses.

[4] Evidence showed Nguyen's car was "packed" with five people; Nguyen told Vi in an interview that the individuals in the car with him "backed up TRG." He refused to identify them.

3

bang," meaning they did not claim any gang. Quach testified he told the males in Nguyen's car, "we don't know you guys" and explained they did not want any trouble. Nguyen and his companions got out of the car and approached the Asian Gang group; two of Nguyen's group had knives. One of Nguyen's companions recognized Quach and called him a "snitch"; Quach denied the accusation.

Nguyen asked the Asian Gang group, "[w]here you from?" Nguyen rolled up his sleeve to show a tattoo that said "T.R.G." He stated, "this is T.R.G." or "I am from T.R.G.," and also stated, "Tiny Rascal Gang homie." Ta responded, "I already told you we don't bang," and someone else said, "[g]et the fuck out of here." A fight then broke out between the two groups.

During the fight, Dinh saw one of the males from Nguyen's car, with a knife, chasing Tran. Dinh grabbed Tran's assailant by the shoulders, threw him down, and fought to gain control of the knife. Dinh was stabbed by someone during the struggle. Ta was stabbed in the arm and under the heart.

Tran went to the driver's side of Nguyen's car but ran away when he saw Nguyen coming back to the car. Nguyen leaned into his car, pulled out a semiautomatic handgun, aimed it at Tran, and fired eight rounds at Tran as he fled; Tran was shot once in the buttocks. Nguyen got back into his car and drove away.

At trial, Nguyen admitted he knew the firearm he discharged was loaded. During an interview, Vi asked Nguyen what he was going to do when he got out of the car that night. Nguyen answered, "I like to scrap," explaining he was going to teach somebody a lesson for "talking shit." Nguyen testified he knew there would be a fight. He told Vi he pointed the gun in Tran's direction; he did not fire it into the air or into the ground. He admitted firing all eight rounds. In response to Vi's question as to what part of Tran's body he was aiming at, Nguyen responded "well, I mean, I was looking at his back, so like the back area." Vi clarified the "back area," and Nguyen said, "yeah." Nguyen told Vi that he thought he might have hit Tran's leg.

4

## II.

Significantly less trial testimony was presented at the second jury trial. Similar evidence was presented that on the evening of March 27, 2009, the Asian Gang group congregated at the Boba House. Nguyen drove his car and stopped in front of the Boba House, someone inside the car yelled out at the Asian Gang group, "do you bang," and Tran responded, "[w]e don't bang." Four or five males got out of Nguyen's car. Tran saw that they had knives. One of the males pulled up his sleeve, showed Tran a tattoo, and said, "this is TRG." A fistfight broke out. Tran did not have any weapons and did not see any weapons on any members of the Asian Gang group. Dinh saw someone, with a knife, from Nguyen's group chasing after Tran. After Dinh "threw [him] down," Dinh was stabbed in his leg and arm. While fighting with Nguyen's group, Ta was stabbed in the arm. Neither Nguyen nor any one of his companions was seriously injured during the fight.

## PROCEDURAL BACKGROUND

Nguyen was charged in an amended information (the information) with one count of attempted murder against Tran, in violation of Penal Code section 664,

---

[5] Although Nguyen argues, in his opening brief, insufficient evidence presented at the second trial supported his convictions for two counts of aggravated assault with a knife, he only supports those arguments by citations to evidence presented at the *first* trial. Nguyen states, "[t]he retrial generally followed the presentation of evidence" from the first trial. In the respondent's brief, the Attorney General disagrees, stating the evidence in the second trial "differed in many respects from the first trial." The Attorney General provided citations to evidence at the second trial, relevant to the resolution of those substantial evidence issues raised by Nguyen in connection with his convictions for two counts of aggravated assault with a knife. Nguyen did not file a reply brief.

5

subdivision (a)[6] and section 187, subdivision (a); one count of aggravated assault with a knife against Ta, in violation of section 245, subdivision (a)(1); one count of aggravated assault with a knife against Dinh, in violation of section 245, subdivision (a)(1); one count of street terrorism in violation of section 186.22, subdivision (a); and one count of assault with a semiautomatic firearm against Tran, in violation of section 245, subdivision (b).

As to the attempted murder count, the information alleged (1) the offense was committed willfully, deliberately, and with premeditation within the meaning of section 664, subdivision (a); (2) Nguyen was 16 years of age or older at the time of the commission of the offense, within the meaning of Welfare and Institutions Code section 707, subdivision (d)(1); (3) during the commission of the offense, and within the meaning of section 12022.53, subdivision (d), Nguyen intentionally and personally discharged a firearm proximately causing great bodily injury to Tran, who was not an accomplice; and (5) pursuant to section 12022.53, subdivision (c), and within the meaning of sections 1192.7 and 667.5, Nguyen intentionally and personally discharged a firearm during the commission and attempted commission of the offense.

As to the assault with a semiautomatic firearm count, the information alleged that pursuant to section 12022.5, subdivision (a), and within the meaning of sections 1192.7 and 667.5, Nguyen personally used a firearm in the commission and attempted commission of that offense.

As to all counts except the count of street terrorism, the information alleged, pursuant to section 186.22, subdivision (b)(1), Nguyen committed the offenses for the benefit of, at the direction of, or in association with TRG, a criminal street gang, with the specific intent to promote, further, or assist in criminal conduct by members of that gang.

---

[6] All further statutory references are to the Penal Code unless otherwise specified.

6

In the first trial, the jury found Nguyen guilty of street terrorism and assault with a semiautomatic firearm. As to the assault with a semiautomatic firearm count, the jury found true the enhancement allegation that Nguyen personally used a firearm in the commission of that offense pursuant to section 12022.5, subdivision (a), and also found true the gang enhancement allegation pursuant to section 186.22, subdivision (b)(1). The jury was unable to reach unanimous verdicts on the attempted murder count and the two counts of aggravated assault with a knife; the trial court granted the defense motion to declare a mistrial as to those counts.

Following a retrial on the attempted murder count and the two counts of aggravated assault with a knife, the jury found Nguyen guilty of two counts of aggravated assault with a knife. The jury did not reach a verdict as to the attempted murder offense or make a finding as to the gang enhancement allegations regarding the aggravated assault with a knife offenses. The court granted the defense motion to declare a mistrial as to the attempted murder offense and as to the gang enhancement allegations on the aggravated assault with a knife offenses.

The trial court imposed a total prison sentence of 20 years. Nguyen appealed.

DISCUSSION

I.

APPLICABLE STANDARD OF REVIEW

"When considering a challenge to the sufficiency of the evidence to support a conviction, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence—that is, evidence that is reasonable, credible, and of solid value—from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. [Citation.] . . . We presume in support of the judgment the existence of every fact the trier of fact reasonably could infer from the

7

evidence.  [Citation.]  If the circumstances reasonably justify the trier of fact's findings, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.  [Citation.]  A reviewing court neither reweighs evidence nor reevaluates a witness's credibility.  [Citation.]" (*People v. Lindberg* (2008) 45 Cal.4th 1, 27.)  The testimony of a single witness, unless physically impossible or inherently improbable, is sufficient to support a conviction.  (Evid. Code, § 411; *People v. Young* (2005) 34 Cal.4th 1149, 1181.)

## II.

SUBSTANTIAL EVIDENCE ADMITTED AT THE FIRST TRIAL SUPPORTED NGUYEN'S CONVICTIONS FOR STREET TERRORISM AND ASSAULT WITH A SEMIAUTOMATIC FIREARM.

Nguyen argues insufficient evidence supported his convictions at the first trial for street terrorism in violation of section 186.22, subdivision (a), and for committing an assault with a semiautomatic firearm in violation of section 245, subdivision (b).[7]  For the reasons we explain, Nguyen's arguments are without merit.

### A.

*Street Terrorism*

Section 186.22, subdivision (a) provides:  "Any person who actively participates in any criminal street gang with knowledge that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished by imprisonment in a county jail for a period not to exceed one year, or by imprisonment in the state prison for 16 months, or two or three years."  In *Rodriguez, supra*, 55 Cal.4th at page 1130, the California Supreme Court stated:  "The elements of the gang

_____

[7]  Nguyen does not challenge the sufficiency of the evidence supporting the enhancement allegation found true by the jury in the first trial with regard to the assault with a semiautomatic firearm count.  We therefore do not address that allegation further.

8

participation offense in section 186.22(a) are: First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang. [Citation.] A person who is not a member of a gang, but who actively participates in the gang, can be guilty of violating section 186.22(a)."

Nguyen's substantial evidence challenge to his conviction for street terrorism is limited to the third element of the offense. Citing *Rodriguez*, *supra*, 55 Cal.4th 1125, Nguyen argues his conviction for street terrorism must be reversed because he "was tried and convicted for his ***own*** acts which he allegedly committed and not for committing acts in concert with others."

In *Rodriguez*, *supra*, 55 Cal.4th at pages 1130-1131, the California Supreme Court stated, "[m]ere active and knowing participation in a criminal street gang is not a crime. Applying the third element of section 186.22(a), a defendant may be convicted of the crime of gang participation only if he also willfully does an act that 'promotes, furthers, or assists in any felonious criminal conduct by members of that gang.' [Citation.]" The Supreme Court held, "section 186.22(a) reflects the Legislature's carefully structured endeavor to punish active participants for commission of criminal acts done *collectively* with gang members." (*Id.* at p. 1139.) The court held a gang member who commits an offense alone, whether gang related or not, is not in violation of section 186.22, subdivision (a). (*Rodriguez*, *supra*, at p. 1139.)

Here, substantial evidence showed Nguyen acted *collectively* with male companions who "backed up" TRG when they picked a fight with the Asian Gang group. Nguyen admitted he and his companions got out of Nguyen's car and "hit up" the Asian Gang group in front of the Boba House after Nguyen recognized several of them as the younger brothers of Asian Gang members. He knew Ta "had been talking shit on the

9

Internet about TRG." One of Nguyen's companions asked the Asian Gang group whether they bang. Even though the members of the Asian Gang group did not claim a gang and told Nguyen and his companions that they did not want trouble, the altercation continued as Nguyen displayed his TRG tattoo and stated he was from TRG. The fight that ensued between the groups involved members of Nguyen's group assaulting members of the Asian Gang group; Ta and Dinh were stabbed and Tran was shot. Substantial evidence therefore established Nguyen did not act alone in committing criminal acts, but he acted in concert with at least two other individuals for the benefit of TRG.

In his opening brief, Nguyen suggests his conviction for street terrorism should be reversed because "it is notable that the People did not charge any co-defendants with Mr. Nguyen or accuse him of conspiring with others to carry out the acts as set forth in the complaint." Whether Nguyen's companions were criminally prosecuted for their roles in the fight, and the fact Nguyen was not charged with conspiracy, are irrelevant to the determination whether Nguyen acted collectively with other gang members. As we discussed *ante*, substantial evidence supported the finding Nguyen actively participated in committing criminal acts while acting collectively with companions who backed up TRG.

B.

*Assault with a Semiautomatic Firearm*

The offense of assault with a semiautomatic firearm is codified at section 245, subdivision (b), which provides: "Any person who commits an assault upon the person of another with a semiautomatic firearm shall be punished by imprisonment in the state prison for three, six, or nine years." Section 240 defines assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another."

10

The jury was instructed on this offense with CALCRIM No. 875, in relevant part, as follows:  "The defendant is charged in . . . count 5 with assault with [a] semiautomatic firearm in violation of Penal Code section 245.  [¶] To prove that the defendant is guilty of this crime, the People must prove that:  [¶] 1. The defendant did an act with . . . a semiautomatic firearm . . . that by its nature would directly and probably result in the application of force to a person; [¶] 2. The defendant did that act willfully; [¶] 3. When the defendant acted, [he] was aware of facts that would lead a reasonable person to realize that [his] act by its nature would directly and probably result in the application of force to someone; [¶] AND [¶] 4. When the defendant acted, [he] had the present ability to apply force . . . with a semiautomatic firearm in count 5 to a person . . . ; [¶] AND [¶] 5. The defendant did not act (in self-defense/ or in defense of someone else)."  The jury was further instructed that "[s]omeone commits an act willfully when he or she does it willingly or on purpose.  It is not required that he or she intend to break the law, hurt someone else, or gain any advantage.  [¶] The terms application of force and apply force mean to touch in a harmful or offensive manner.  The slightest touching can be enough if it is done in a rude or angry way.  Making contact with another person, including through his or her clothing, is enough.  The touching does not have to cause pain or injury of any kind."  In addition, the jury was instructed, "[t]he People are not required to prove that the defendant actually intended to use force against someone when [he] acted."  Nguyen does not challenge the jury's instructions.

In his opening brief, Nguyen challenges his conviction of assault with a semiautomatic firearm by arguing, "he never intended to harm Mr. Tran and indeed, attempted to fire where no one was standing or running—indeed, his primary objective in firing the gun was to frighten away his opponents, who outnumbered him and his friends."  He further argues:  "Would it have been better if Mr. Nguyen had not fired the gun at all?  Undoubtedly.  But that is not the test set forth by the California Supreme Court in [*People v. *]*Williams*[ (2001) 26 Cal.4th 779, 788].  The fact that Mr. Nguyen

11

was reckless or criminally negligent in his actions—as it appears he was, as understandable as that may have been in the midst of a melee where he and his friends were outnumbered—is insufficient to sustain a conviction on Count Five [(assault with a semiautomatic firearm)], which must be reversed." (Underscoring omitted, italics added.)

Substantial evidence showed that after Nguyen saw Tran on the driver's side of Nguyen's car, Nguyen returned to his car and retrieved the loaded semiautomatic firearm he had placed in his car. He then aimed the firearm at Tran's back and intentionally fired the gun at Tran, striking him in the buttocks as Tran ran away from him. Nguyen admitted he fired all eight rounds that were loaded in the gun. Not only did Nguyen admit he aimed the gun at Tran, he also told Vi he expected he might shoot Tran in the back of the leg. Nguyen did not shoot into the air or into the ground. The jury could reasonably have disbelieved Nguyen's other testimony he discharged the gun to frighten away the Asian Gang group, who he claimed outnumbered his group that had instigated the fight. Substantial evidence therefore supported Nguyen's conviction for assault with a semiautomatic firearm.

III.

SUBSTANTIAL EVIDENCE ADMITTED AT THE SECOND TRIAL SUPPORTED NGUYEN'S CONVICTIONS FOR TWO COUNTS OF AGGRAVATED ASSAULT WITH A KNIFE.

Nguyen also argues insufficient evidence supported his convictions, following the second jury trial, for aggravated assault with a knife against Ta and Dinh. As discussed *ante*, Nguyen failed to include, in his opening brief, any record citations to evidence presented at the second trial, and thus has forfeited those arguments. We nevertheless address the merits of Nguyen's substantial evidence arguments to forestall an ineffective assistance of counsel claim (see *People v. Butler* (2003) 31 Cal.4th 1119, 1128), and, for the reasons set forth *post*, conclude they are without merit.

12

The offense of aggravated assault in violation of section 245, subdivision (a)(1) requires proof of (1) an assault (2) with a deadly weapon or instrument other than a firearm. (See *People v. Delgado* (2008) 43 Cal.4th 1059, 1066.) "A person who knowingly aids and abets criminal conduct is guilty of not only the intended crime but also of any other crime the perpetrator actually commits that is a natural and probable consequence of the intended crime. The latter question is not whether the aider and abettor *actually* foresaw the additional crime, but whether, judged objectively, it was *reasonably* foreseeable." (*People v. Mendoza* (1998) 18 Cal.4th 1114, 1133.) "For a criminal act to be a 'reasonably foreseeable' or a 'natural and probable' consequence of another criminal design it is not necessary that the collateral act be specifically planned or agreed upon, nor even that it be substantially certain to result from the commission of the planned act." (*People v. Nguyen* (1993) 21 Cal.App.4th 518, 530.)

The jury was instructed on natural and probable consequences with CALCRIM No. 403, in part, as follows: "Before you may decide whether the defendant is guilty of aggravated assault with a knife, you must decide whether he is guilty of fighting in public. [¶] To prove that the defendant is guilty of aggravated assault with a knife the People must prove that: [¶] 1. The defendant is guilty of fighting in public [¶] 2. During the commission of fighting in public a coparticipant in that fighting in public committed the crime of aggravated assault with a knife; [¶] and [¶] 3. Under all of the circumstances, a reasonable person in the defendant's position would have known that the commission of aggravated assault with a knife was a natural and probable consequence of the commission of the fighting in public. [¶] A coparticipant in a crime is the perpetrator or anyone who aided and abetted the perpetrator. It does not include a victim or innocent bystander. [¶] A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all of the circumstances established by the evidence. If the aggravated assault with a knife was committed for a

13

reason independent of the common plan to commit the offense of fighting in public, then the commission of aggravated assault with a knife was not a natural and probable consequence of fighting in public." (Some capitalization omitted.) Nguyen does not raise any issue of instructional error.

In his opening brief, Nguyen argues his convictions for the two counts of aggravated assault with a knife were not supported by substantial evidence. He argues insufficient evidence showed who—Nguyen or someone else—stabbed Ta and Dinh.

Substantial evidence showed Nguyen and his companions committed the offense of fighting in public that night; Nguyen does not argue otherwise. Substantial evidence further showed that two or three of Nguyen's group had knives. While Nguyen and his companions engaged in fighting in public, one or more members of Nguyen's group stabbed Ta and Dinh. Dinh saw one of Nguyen's companions holding a knife while chasing Tran. After Dinh threw Tran's assailant down, Dinh was stabbed. Ta was also stabbed. Neither Nguyen nor his companions were seriously injured. It was reasonably foreseeable for Nguyen to have known a natural and probable consequence of fighting in public, with companions armed with knives, against rival gang members and affiliates, would be the stabbing of an opponent or two during the fight. Nguyen does not argue otherwise.

Nguyen suggests his convictions should be reversed because no knives were recovered at the scene. Nguyen does not offer any legal authority to support his argument a conviction for aggravated assault with a knife requires the recovery of the weapon used in the assault. There is no question Ta and Dinh were stabbed during the fight. Furthermore, evidence showed knives were seen in the hands of some of Nguyen's companions before the fight broke out.

Nguyen also argues it is a "remarkable coincidence" that Dinh and Ta were each on probation for carrying a knife, at the time of the incident, but neither had a knife with him that night. Nguyen does not cite any evidence, presented at the second trial, on

14

this issue. In his opening brief, Nguyen cites his own testimony from the first trial that during the fight, he saw several individuals with angry faces, who were holding knives, show up, presumably to assist the Asian Gang group. Nguyen does not cite to any such evidence presented at the second trial.

## DISPOSITION

The judgment is affirmed.


FYBEL, J.

WE CONCUR:


BEDSWORTH, ACTING P. J.


IKOLA, J.